Opinion op the Court, by
Judge Owsley.
THE intestate, Charles Robinson, having "recovered a judgment for one hundred and sixty-five dollars, against the executors of Christopher Greenup, deceased, disposed of the same by contract to Zachariah White, and executed to said White the followingfiftstrument of writing:
“ Know all men by these presents, that I, Charles B. Robinson, do hereby assign and make over a certain judgment obtained by me against Greennp’s executors, for the sum of one hundred and sixty-five dollars, to Zachariah White, and do nominate, authorise and appoint the said White, to collect the same for himself. Witness my hand this 2d day of August, 1820.
Charle^ B. Robinson.”
White sued out execution upon the judgment, in the name of the assignor, Robinson; but was. unable to collect the money from the executors of Greenup, owing to the lack of assets in the hands of the executors, to pay the debts of their testator.
•This action of assumpsit was then brought by White., against^e-administratrix of Robinson, (he having de-par, ted||ifiis .life',) for the purpose of ■ recovering the amount of the judgment assigned. Various questions were made by the counsel of the administratrix in the court below, and decided in favor of ’White. Most of those .questions are, however, of a character not necessary now to be decided, asid will not he further noticed by this court. We will- not further notice them, because there i/orne question involved in the decision of that court, which, we apprehend, must be decisive against thd right of White to maintain his action.
*238 By adverting to the written assignment of the jiicfg. ment made t>y the intestate, Robinson, i{ will be perceived, that the intestate has not expressly undertaken to secure to White the recovery of the amount of the judgment assigned; and the question to which we allude, is, does such an assignment of such a demand, in itself, impose upon the assignor any legal obligation; or, in other words, whether, from the mere fact of such an assignment, the- law implies a promise by the assignor to pay, if the demand be not received by the assignee, after pursuing the judgment with due diligence.
If, instead of a judgment, the demand assigned had been a writing for the payment of money or propesty, the liability of the assignor would not, at this d.ay, be questioned. The statutes of this country, have expressly made such writings assignable, and the former adjudications of this court, as well as those of the appellate court of Virginia and the supreme court of the United States, under a like statute, have put at rest all question as to the liability of the assignor of that sort of demands. The fact of assignment has, in that class of cases, been held to imply an undertaking by the assignor to pay, if payment could not be coerced from the obligor by suit duly and vigilantly prosecuted, and we are not disposed to depart from those adjudications.
But this court, in several instantes, have had- occasion to suggest doubts as to the correctness of those decisions upon common law principles, and we are still unable to reconcile them with our notions of the common law doctrine of implied assumpsits. No solid reason is perceived for .a distinction between the liability of the assignor of a chose in action, and the liability of the vender of a chattel in possession. In both cases, a valuable consideration may be paid by the purchaser, and in. ■each case, he receives, according to the nature of the thing purchased, what the parties conceive an equivalent. If a chose in action be purchased, it is-the demand which the purchaser receives as an equivalent for the price which he may pay, and although owing to the. insolvency of the person upon whom the demand in action may be, the purchaser may be unable to coerce payment, the consideration cannot with more propriety he said to have failed, than the consideration of the purchase of a chattel in possession, may be said to have failed, where, after the purchase, the chattel is destroy *239 ed by inevitable necessity, or is ascertained not to be of the qual.ity oi%value the purchaser supposed -it to be. $Rhe truth is, that in neither casé does the consideration fail, nor is there, upon common law principles, in either case, a promise implied* on the part of the seller. •
But in cases of assignment under the statute, we have said the liability of the assignor has been settled by the. former decisions of this court: and though, in our opin* ion, not in accordance with the principles of the 'common. law, those decisions will not be departed from, in cases of assignments of that sort. But the presentís not’ the case of an assignment under the statute of this country. It is the case of an assignment of a judgment, which is not embraced b'y any statute, and not within the influence of the decisions heretofore given.
This case must, therefore, turn upon common law. principles; and according those principles, we are not of opinion, that from the assignment of the judgment, any promise on the part of the intestate, Robinson, can be implied.
The judgment must, consequently, be reversed with costs, the cause remanded to the court below, aiid further proceedings there had, not inconsistent with this opinion.